**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **6 STARS MARKET** and **MOHAMMED ALMUTTAN,** ) ) ) | |
| Plaintiffs, ) ) ) | |
| v. ) ) | Case No. _____ |
| **UNITED STATES OF AMERICA,** through its agency, **THE UNITED STATES DEPARTMENT OF AGRICULTURE,** ) ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. ) ) | |
| <u>Serve:</u> ) **United States Department of Agriculture** ) **1400 Independence Avenue, SW,** ) **Whitten Bldg.,** ) **Washington, D.C. 20250** ) | |

## COMPLAINT

Plaintiffs 6 Stars Market ("6 Stars Market") and Mohammed Almuttan ("Almuttan") (collectively, "Plaintiffs"), by and through undersigned counsel and pursuant to 7 U.S.C. § 2023 and 7 C.F.R. § 279.7, submit this Complaint for judicial review of the Final Agency Decision of the United States of America, acting through its agency, the United States Department of Agriculture ("USDA"), to permanently withdraw the authorization of 6 Stars Market—under the ownership of Almuttan—from participation as a retailer in the Supplemental Nutrition Assistance Program ("SNAP"), and hereby allege as follows:

### PARTIES

1. Plaintiff 6 Stars Market is a Retail Food Store, as defined in 7 C.F.R. § 271.2, located at 8701 Riverview Boulevard, St. Louis, Missouri 63147.

2. Plaintiff Almuttan owns 6 Stars Market.

3. Plaintiff Almuttan was, at all times relevant, a resident of the State of Missouri.

4. Defendant United States of America is the federal government.

5. Defendant USDA operates SNAP through its Food and Nutrition Service ("FNS").

6. The USDA is an executive branch department of the federal government.

7. FNS administers SNAP and its implementing regulations.

8. Thomas J. Vilsack is the Secretary of Agriculture, responsible for leading the USDA.

9. Kumar Chandran is the Acting Under Secretary for the USDA FNS.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this action pursuant to 7 U.S.C. § 2023, 7 C.F.R. § 279.7, and 28 U.S.C. §§ 1331 and 1346. Additionally, this Court has jurisdiction pursuant to the Administrative Procedures Act, 5 U.S.C. §§ 701 through 706, and has jurisdiction to grant declaratory and further necessary and proper relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Federal Rules of Civil Procedure 57 and 65.

11. This matter involves the judicial review of an administrative decision of the USDA, through FNS, to permanently withdraw 6 Stars Market from participation as an authorized retailer in SNAP.

12. Plaintiffs have exhausted any and all administrative remedies required prior to the institution of this action.

13. Venue is proper in this district pursuant to 7 U.S.C. § 2023, 7 C.F.R. § 279.7, and 28 U.S.C. § 1391(b) and (e) because 6 Stars Market, the Retail Food Store that is the subject of this action, is located in St. Louis, Missouri, in this judicial district and division; because the United

States is deemed a resident of this district and division and has consented to suit in this district and division; and because a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of Missouri.

## **RELEVANT FACTS**

### *Background*

14. 6 Stars Market is authorized to participate as a retailer in SNAP.

15. 6 Stars Market is assigned FNS Number 0158082.

16. 6 Stars Market is located in an area of St. Louis, Missouri in which a high number of individuals rely on SNAP to obtain nutrition.

17. SNAP beneficiaries living in the area where 6 Stars Market is located are dependent upon 6 Stars Market remaining an authorized SNAP retailer.

18. On November 29, 2022, Almuttan received a letter from USDA FNS concerning the contemplated withdrawal of his business's ability to continue participating as a retailer in SNAP. The letter referenced his business, 6 Stars Market, FNS number 0158082, located at 8701 Riverview Boulevard, St. Louis, Missouri 63147.

19. The November 29, 2022 letter anticipated withdrawing 6 Stars Market's eligibility to participate in SNAP based on Almuttan allegedly "fail[ing] to maintain the necessary business integrity to further the purposes of the program as specified in Section 278.1(b)(3) of the SNAP regulations." The sole basis for this determination, according to the letter, was Almuttan's conviction in United States District Court for the Eastern District of Missouri.

20. On December 6, 2022, Almuttan formally requested an administrative review of the decision referenced in the letter.

21. In his request for administrative review, Almuttan, through counsel, noted that the conviction referenced in the November 29, 2022 letter was being appealed and, as such, was not final. Almuttan also argued that 6 Stars Market is a grocery store located in a low-income area of St. Louis, Missouri, which provides a critical service to the community in which it is situated and that it is likely that many of the residents in the vicinity of the market are reliant upon the SNAP program to obtain essential nutrition and that removal of 6 Stars Market from participation in the program would do nothing but further incumber this low-income community's ability to access healthy and necessary nutrition.

22. FNS granted Almuttan's request for administrative review by letter dated December 16, 2022.

23. 6 Stars Market's contemplated withdrawal from participation in SNAP was held in abeyance pending review.

*The Final Agency Decision*

24. On March 28, 2024, the Final Agency Decision ("FAD") of the USDA FNS was mailed to Almuttan's legal counsel. The FAD is attached hereto as Exhibit 1.

25. The FAD notes that Almuttan "pleaded guilty to one count of conspiracy to traffic in contraband cigarettes." (Ex. 1 at 1).

26. The FAD states further that "on October 3, 2022, Mr. Almuttan was sentenced to 48 months in Federal prison, two years of supervised release, and ordered to pay criminal Monetary Penalties in the amount of a $50,000.00 fine and a $100.00 assessment." (*Id.*).

27. The FAD does not acknowledge that on February 5, 2024, the district court amended its Judgment and reduced Almuttan's sentence to 42 months in federal prison.

28. The FAD also does not acknowledge that both the October 3, 2022 Judgment (*see United States v. Almuttan*, 22-3148) and the February 5, 2024 Amended Judgment (*see United States v. Almuttan*, 22-1337) are pending appeal before the Eighth Circuit Court of Appeals.

29. If Almuttan's appeals are successful, he may no longer have the conviction referenced in the FAD.

30. The FAD explains, "In a letter dated November 29, 2022, the Retailer Operations Division determined that Mr. Almuttan's criminal conviction constituted a lack of business integrity in accordance with SNAP regulations at 7 CFR § 278.1(b)(3)." (*Id.* at 2).

31. According to the FAD, "The primary issue under consideration is whether or not the Appellant has the necessary business integrity and reputation, in accordance with regulation, to further the purposes of the Supplemental Nutrition Assistance Program." (*Id.* at 4).

32. The FAD states, "A review of Appellant owner's criminal record from the United States District Court, Eastern District of Missouri, Case: 4:17-CR-00234-RLW, clearly shows that Mohammed Almuttan, the owner of 6 Stars Market, pleaded guilty to one count of conspiracy to traffic in contraband cigarettes[.]" (*Id.*).

33. The FAD explains, "The SNAP regulations enunciated at 7 CFR § 278.1(b)(3) provide for the permanent denial/withdrawal of an applicant firm to participate as a SNAP retailer based on a number of reasons and for various timeframes." (*Id.*).

34. The FAD continues, "The statute and regulations specifically address the factors which constitute a lack of business integrity. The regulations at 7 CFR § 278.1(b)(3)(i)(C) state: 'FNS shall deny the authorization of any firm from participation in the program for a period of time specified in paragraph (k) of this section based on consideration of information regarding the business integrity and reputation of the firm as follows: (i) Conviction of or civil judgment against

5

the owners, officers or managers of the firm for: … (C) Violation of Federal, State, and/or local consumer protection laws or other law relating to alcohol, tobacco, firearms, controlled substances and/or gaming licenses.'" (*Id.*).

35. The FAD notes, "Regulations at 7 CFR § 278.1(k)(3)(i) state that firms lacking appropriate business integrity and reputation as described in the above paragraph shall have their SNAP authorization denied permanently." (*Id.*)

36. The FAD continues, "7 CFR § 278.1(l)(1)(iv) states that FNS shall withdraw the authorization of any authorized firm if the 'firm fails to maintain the necessary business integrity to further the purposes of the program, as specified in paragraph (b)(3) of this section. Such firms shall be withdrawn for a lack of business integrity for periods of time in accordance with those stipulated in paragraph (k)(3) of this section for specific business integrity findings.'" (*Id.*).

37. The FAD concludes, "Because the conviction in this case fits within the parameters of § 278.1(b)(3)(i), it is the finding of this review that permanent withdrawal is appropriate and was applied in accordance with regulation at § 278.1(k)(3)(i) and § 278.1(1)." (*Id.*).

38. In other words, the FAD's conclusion is solely premised on Almuttan's conviction being, according to the USDA, a violation of a law "relating to alcohol, tobacco, firearms, controlled substances and/or gaming licenses." *See* 7 CFR § 278.1(b)(3)(i)(C). No other portion of 7 CFR § 278.1(b)(3)(i)(C) even arguably applies—the FAD does not claim Almuttan has violated any consumer protection laws.

39. The FAD then asserts, citing no legal authority, "The sentence pending appeal outcome does not hinder the imposition of a permanent SNAP withdrawal." (*Id.*).

40. The FAD states that a hardship on the SNAP participants in the area of 6 Stars Market "cannot constitute grounds for reversing the withdrawal decision in the present case." (*Id.*).

6

41. Finally, the FAD concludes, "[T]he decision by the Retailer Operations Division to permanently withdraw the authorization of 6 Stars Market, under the ownership of Mohammed A. Almuttan, from participation as a retailer in SNAP is sustained." (*Id.* at 5).

42. This Complaint is timely as it is filed within 30 days of the delivery of service of the FAD. *See* 7 C.F.R. § 279.7(a).

### *The FAD Misinterprets 7 C.F.R. § 278.1(b)(3)(i)(C)*

43. Almuttan's conviction does not relate or otherwise concern the sale of eligible food items and is entirely unrelated to the food stamp program.

44. Almuttan's conviction does not relate or otherwise concern any alcohol licensing, tobacco licensing, controlled substance licensing, firearms licensing, or gaming licensing.

45. The FAD is premised upon a determination that Almuttan does not possess the business integrity to be an authorized SNAP vendor based solely on his conviction—which is pending appeal—for conspiring to engage in cigarette trafficking, pursuant to 7 C.F.R. §§ 278.1(b)(3)(i)(C) and 278.1(k)(3)(i). (*See* Ex. 1 at 4).

46. 7 C.F.R. § 278.1(b)(3)(i)(C) provides, in pertinent part, that "FNS shall deny the authorization of any firm from participation in the program for a period of time…based on consideration of information regarding the business integrity and reputation of the firm as follows: . . . conviction of or civil judgment against the owners, officers or managers of the firm for: … (C) Violation of Federal, State and/or local consumer protection laws or other laws relating to alcohol, *tobacco*, firearms, controlled substances and/or gaming *licenses*[.]" (emphasis added).

47. The word "license" in 7 C.F.R. § 278.1(b)(3)(i)(C) modifies all of the nouns in the list that precede it because, as the Supreme Court has explained, "When several words are followed by a clause which is applicable as much to the first and other words as to the last, the natural

7

construction of the language demands that the clause be read as applicable to all." *Paroline v. United States,* 134 S. Ct. 1710, 1721 (2014) (citing *Porto Rico Ry., Light & Power Co. v. Mor,* 253 U.S. 345, 348 (1920)).

48. Additionally, under the principle of *ejusdem generis,* "when a general [or catchall] term follows a specific one, the general term should be understood as a reference to subjects akin to the one with specific enumeration." *Norfolk & W. Ry. Co. v. Train Dispatchers,* 499 U.S. 117, 129 (1991) (alteration supplied).

49. The FAD is based on an arbitrary and capricious interpretation of FNS's regulations.

50. The USDA FNS acted arbitrarily and capriciously in concluding that Plaintiffs do not possess the necessary business integrity to be an authorized retailer in SNAP.

51. The USDA FNS acted arbitrarily and capriciously in concluding that Plaintiffs do not possess the necessary business integrity to be an authorized retailer in SNAP based exclusively on Almuttan's conviction which is pending appeal.

52. The USDA FNS acted arbitrarily and capriciously in concluding that Plaintiffs do not possess the necessary business integrity to be an authorized retailer in SNAP based exclusively on Almuttan's conviction insofar as such conviction was *not* based upon any tobacco (or any other) *license violation*.

53. The USDA FNS acted arbitrarily and capriciously in concluding that 7 C.F.R. § 278.1(b)(3)(i)(C) mandates Plaintiffs' permanent disqualification from SNAP based upon Almuttan's conviction for conspiracy to engage in cigarette trafficking.

54. The USDA FNS's permanent disqualification of Plaintiffs is premised upon an erroneous, unsupportable, arbitrary and capricious interpretation of 7 C.F.R. § 278.1(b)(3)(i)(C).

55. 7 C.F.R. § 278.1(b)(3)(i)(C), in pertinent part, authorizes FNS to withdraw the SNAP authorization of a Retail Food Store based on a lack of business integrity based upon criminal convictions or civil judgments related to licensing violations, including tobacco *license violations*.

56. In an unpublished opinion issued by the United States District Court for the Eastern District of Kentucky, Southern Division, the court concludes the relevant language contained within 7 C.F.R. § 278.1(b)(3)(i)(C) applies only to violations of law relating to *licenses*. See *Warren v. United States*, No. CV 14-154-GFVT, 2015 WL 5321765, at *9 (E.D. Ky. Sept. 11, 2015) ("Because Warren's marijuana possession conviction is not a 'conviction ... for [a] [v]iolation ... of [a] law[ ] relating to ... controlled substances ... *licenses*,' it does not fall within the scope of § 278.1(b)(3)(i)(C). The agency's *permanent* denial under the cross-referenced § 278.1(k)(3)(i) was therefore arbitrary and capricious.") (alterations and emphasis in original).

57. The *Warren* opinion concludes "that the regulation's plain language and construction are *unambiguous* and that the agency is not entitled to deference." *Warren*, 2015 WL 5321765, at *10 (emphasis in original).

58. The United States of America did not appeal the opinion in *Warren*.

59. Research has revealed no other case law expressly construing 7 C.F.R. § 278.1(b)(3)(i)(C) in a manner inconsistent with the decision in *Warren*.

60. Almuttan's conviction—which is pending appeal—does not relate to a tobacco license.

61. Indeed, 6 Stars Market, to this day, remains licensed to sell tobacco products.

62. Based on information and belief, there are no matters pending which relate to 6 Stars Market's license to sell tobacco products.

9

63. The USDA FNS acted arbitrarily and capriciously in failing to make a reasoned determination regarding whether Plaintiffs' continued participation in SNAP would or would not "further the purposes of the program."

64. Instead, the FAD summarily treats Plaintiffs' permanent withdrawal from participation in SNAP as being somehow compelled by his conviction pursuant to 7 C.F.R. § 278.1(b)(3)(i)(C).

## COUNT I – JUDICIAL REVIEW OF FINAL AGENCY DECISION

65. Plaintiffs hereby re-allege and incorporate by reference each allegation contained in paragraphs 1 through 64 of this Complaint as though fully set forth herein.

66. Plaintiffs possess the business integrity necessary to remain an authorized SNAP retailer.

67. Almuttan's conviction—which remains pending appeal—is not a proper basis for USDA FNS to permanently withdraw a Retail Food Store's SNAP authorization pursuant to 7 C.F.R. § 278.1(b)(3)(i)(C).

68. Almuttan's conviction—which remains pending appeal—is not a proper basis for USDA FNS to permanently withdraw a Retail Food Store's SNAP authorization for a lack of business integrity.

69. Almuttan's conviction is not a proper basis for USDA FNS to permanently withdraw a Retail Food Store's SNAP authorization pursuant to 7 C.F.R. § 278.1(b)(3)(i)(C) because the conviction is unrelated to a Retail Food Store's tobacco license.

70. Almuttan's conviction does not mandate an administrative determination that he does not have the business integrity necessary to be an authorized SNAP retailer.

71. Almuttan's conviction does not mandate an administrative determination that he does not have the business integrity necessary to be an authorized SNAP retailer where the circumstances surrounding his conviction have no relationship to the food stamp program.

72. The USDA FNS's permanent withdrawal of Plaintiffs from participation in SNAP is invalid, unreasonable, arbitrary, capricious, unsupported by the evidence, and should be reversed.

73. The USDA FNS's permanent withdrawal of Plaintiffs' SNAP authorization must be reversed because the USDA FNS's interpretation of 7 C.F.R. § 278.1(b)(3)(i)(C) is invalid, unsupportable under law, and inconsistent with its plain meaning.

74. The USDA FNS's permanent withdrawal of Plaintiffs' SNAP authorization must be reversed because USDA FNS incorrectly applied the applicable laws and regulations to its factual determinations.

75. The USDA FNS permanently withdrew Plaintiffs from participation in SNAP based upon its erroneous conclusion that 7 C.F.R. § 278.1(b)(3)(i)(C) and 7 C.F.R. § 278.1(k)(3)(i) mandate the permanent withdrawal of their SNAP authorization.

76. Neither 7 C.F.R. § 278.1(b)(3)(i)(C) nor 7 C.F.R. § 278.1(k)(3)(i) require the USDA FNS to permanently withdraw Plaintiffs from participation in SNAP based solely upon Almuttan's conviction.

77. The USDA FNS's permanent withdrawal of Plaintiffs' SNAP authorization is an unreasonable and improper application of the Food and Nutrition Act of 2008.

78. The FAD should be reversed because a permanent withdrawal of Plaintiffs' SNAP authorization is unreasonable and excessive in light of the circumstances.

79. Imposition of a permanent withdrawal of Plaintiffs' SNAP authorization based upon Almuttan's conviction is irrational and in violation of the Equal Protection and Due Process Clauses of the United States Constitution.

80. Imposition of a permanent withdrawal of Plaintiffs' SNAP authorization based upon Almuttan's conviction is a draconian and excessive punishment in violation of the Eighth Amendment to the United States Constitution.

81. If the USDA FNS's regulation were construed to mandate the permanent withdrawal of a Retail Food Store's SNAP authorization based upon an owner's tobacco conviction—which is entirely unrelated to a tobacco license—such regulations would be inconsistent with Congressional intent.

82. If the USDA FNS's regulations were construed to mandate the permanent withdrawal of a Retail Food Store's SNAP authorization based upon an owner's tobacco conviction—which is entirely unrelated to a tobacco license—such regulations would be beyond the scope of regulatory authority granted by Congress to USDA FNS when it delegated the power to promulgate and enforce reasonable regulations pursuant to the Food and Nutrition Act of 2008.

83. Plaintiffs respectfully request that this Court conduct a *de novo* review of the USDA FNS's administrative determination in the FAD that 7 C.F.R. § 278.1(b)(3)(i)(C) mandates the permanent withdrawal of Plaintiffs from participation as an authorized SNAP retailer, reverse the FAD, vacate USDA FNS's permanent withdrawal of Plaintiffs' participation in SNAP, and direct USDA FNS to permit Plaintiffs to remain an authorized SNAP retailer.

WHEREFORE, Plaintiffs respectfully request that this Court, after conducting a *de novo* review of the FAD, enter judgment in their favor and against the United States of America, and issue an Order granting the following relief:

(a) Reversing the FAD;

(b) Permanently enjoining USDA FNS from withdrawing Plaintiffs' authorization to participate in SNAP based upon a lack of business integrity;

(c) Declaring that 7 C.F.R. § 278.1(b)(3)(i)(C) is inapplicable to convictions or judgments for alcohol, tobacco, firearms, controlled substance or gaming violations if such conviction or judgment is not associated with a Retail Food Store's alcohol licensing, tobacco licensing, firearms licensing, controlled substance licensing, or gaming licensing;

(d) Directing USDA FNS to permit Plaintiffs to continue participating in SNAP;

(e) Awarding Plaintiffs reasonable attorneys' fees and costs; and

(f) Such other and further relief as the Court may deem just and proper.

## COUNT II – INJUNCTIVE RELIEF

84. Plaintiffs hereby re-allege and incorporate by reference each allegation contained in paragraphs 1 through 83 of this Complaint as though fully set forth herein.

85. In the event that the USDA FNS is not preliminarily and permanently enjoined from implementing the FAD, Plaintiffs will not be eligible to continue accepting SNAP benefits, including during the pendency of this matter.

86. Pursuant to 7 U.S.C. § 2023(a)(17), Plaintiffs are entitled to preliminary and permanent injunctive relief staying the implementation of the FAD, including during the pendency of this matter.

87. In the event that preliminary injunctive relief is not granted, Plaintiffs will sustain irreparable harm as they are likely to prevail on the merits; because 7 U.S.C. § 2023(a)(18) bars Plaintiffs from maintaining claims for monetary damages against the United States of America, USDA, or any other official or entity; and because Plaintiffs are dependent upon SNAP to remain viable.

88. In the event that permanent injunctive relief is not granted, Plaintiffs will sustain irreparable harm as they are likely to prevail on the merits; because 7 U.S.C. § 2023(a)(18) bars Plaintiffs from maintaining claims for monetary damages against the United States of America, USDA, or any other official or entity; and because Plaintiffs are dependent upon SNAP to remain viable.

WHEREFORE, Plaintiffs respectfully request that this Court enter a preliminary and permanent injunction in their favor and against the United States of America and issue an Order granting the following relief:

(a) Preliminarily enjoining the USDA FNS from withdrawing Plaintiffs' authorization to participate in SNAP during the pendency of this action based upon a lack of business integrity, pursuant to 7 C.F.R. § 278.1(b)(3)(i)(C) and 7 C.F.R. § 278.1(k)(3)(i);

(b) Permanently enjoining the USDA FNS from withdrawing Plaintiffs' authorization to participate in SNAP based upon a lack of business integrity, pursuant to 7 C.F.R. § 278.1(b)(3)(i)(C) and 7 C.F.R. § 278.1(k)(3)(i);

(c) Temporarily staying the administrative action under review pending disposition of trial and any appeal pursuant to 7 U.S.C. § 2023(a)(17);

(d) Directing the USDA FNS to permit Plaintiffs to continue participating in SNAP;

(e) Awarding Plaintiffs reasonable attorneys' fees and costs; and

(f) Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs respectfully demand a trial by jury of all issues so triable.

Respectfully submitted,

**Margulis Gelfand, L.L.C.**

/s/ *Ian T. Murphy*
JUSTIN K. GELFAND, #62265
IAN T. MURPHY, #68289
7700 Bonhomme Ave., Ste. 750
St. Louis, MO 63105
Telephone: 314.390.0234
Facsimile: 314.485.2264
justin@margulisgelfand.com
ian@margulisgelfand.com
***Counsel for Plaintiffs***