U.S. Department of Agriculture
Food and Nutrition Service
Administrative and Judicial Review Branch

| | |
|---|---|
| 6 Stars Market,<br><br>Appellant,<br><br>v.<br><br>Retailer Operations Division,<br><br>Respondent. | Case Number: C0260817 |

## FINAL AGENCY DECISION

The U.S. Department of Agriculture (USDA) Food and Nutrition Service (FNS) finds that there is sufficient evidence to support the determination by the Retailer Operations Division to permanently withdraw the authorization of 6 Stars Market (hereinafter "Appellant") from participation as a retailer in the Supplemental Nutrition Assistance Program (SNAP).

## ISSUE

The issue accepted for review is whether the Retailer Operations Division, in its administration of SNAP, took appropriate action, consistent with Title 7 Code of Federal Regulations (CFR) Part 278, when it permanently withdrew the authorization of 6 Stars Market.

## AUTHORITY

7 U.S.C. § 2023 and its implementing regulations at 7 CFR § 279.1 provide that "[A] food retailer or wholesale food concern aggrieved by administrative action under § 278.1, § 278.6 or § 278.7 . . . may... file a written request for review of the administrative action with FNS."

## CASE CHRONOLOGY

The record reflects that the USDA Office of Inspector General conducted an undercover investigation of 6 Stars Market. As a result of this investigation, on April 7, 2022, in the United States District Court, Eastern District of Missouri, Case: 4:17-CR-00234-RLW, Mohammed Almuttan, owner of 6 Stars Market, pleaded guilty to one count of conspiracy to traffic in contraband cigarettes (18:371.F). The record reflects that on October 3, 2022, Mr. Almuttan was sentenced to 48 months in Federal prison, two years of supervised release, and ordered to pay Criminal Monetary Penalties in the amount of a $50,000.00 fine and a $100.00 assessment.

1

In a letter dated November 29, 2022, the Retailer Operations Division determined that Mr. Almuttan's criminal conviction constituted a lack of business integrity in accordance with SNAP regulations at 7 CFR § 278.1(b)(3). As a result, Appellant's application was permanently withdrawn pursuant to 7 CFR § 278.1(l)(1)(iv) and § 278.1(k)(3)(i). Per UPS delivery confirmation, the withdrawal letter was delivered to Appellant at the store address on December 2, 2022, and the owner's home address on December 3, 2022.

In a letter postmarked December 6, 2022, Appellant, through counsel, appealed the Retailer Operations Division's determination by requesting an administrative review. FNS granted Appellant's request for administrative review by letter dated December 16, 2022. The withdrawal action has been held in abeyance pending completion of this review.

On March 5, 2024, the administrative review was reassigned to review officer Amie Churchill.

## STANDARD OF REVIEW

In an appeal of adverse action, such as an authorization withdrawal, an appellant bears the burden of proving by a preponderance of the evidence that the administrative action should be reversed. This means that an appellant has the burden of providing relevant evidence which a reasonable mind, considering the record as a whole, would accept as sufficient to support a conclusion that the matter asserted is more likely to be true than not true.

## CONTROLLING LAW AND REGULATIONS

The controlling law in this matter is found in the Food and Nutrition Act of 2008, as amended (7 U.S.C. § 2021), and promulgated through regulation under Title 7 CFR Part 278. In particular, 7 CFR § 278.1(l) and (k) provide the authority upon which FNS shall withdraw the SNAP authorization of any firm if it fails to meet established business integrity criteria.

7 CFR § 278.1(l)(1) reads, in part:

```
FNS may withdraw the authorization of any firm authorized to
participate in the program for any of the following reasons:

(iv) The firm fails to maintain the necessary business integrity
to further the purposes of the program, as specified in paragraph
(b)(3) of this section. Such firm shall be withdrawn for lack of
business integrity for periods of time in accordance with those
stipulated in paragraph (k)(3) of this section for specific
business integrity findings.
```

7 CFR § 278.1(k)(3) reads:

```
FNS shall deny the application of any firm if it determines that:
(3) The firm has been found to lack the necessary business
integrity and reputation to further the purposes of the program.
Such firms shall be denied authorization in the program for the
following period of time:
```

2

> (i) Firms for which records of criminal conviction or civil judgment exist that reflect on the business integrity of owners, officers, or managers as stipulated in §278.1(b)(3)(i) shall be denied authorization permanently.

7 CFR § 271(b)(3) states, in relevant part:

> (3) *The business integrity and reputation of the applicant.* FNS shall deny the authorization of any firm from participation in the program for a period of time as specified in paragraph (k) of this section based on consideration of information regarding the business integrity and reputation of the firm as follows:
>
>   (i)   Conviction of or civil judgment against the owners, officers or managers of the firm for:
>
>     (A) Commission of fraud or a criminal offense in connection with obtaining, attempting to obtain, or performing a public or private agreement or transaction;
>     (B) Commission of embezzlement, theft, forgery, bribery, falsification or destruction of records, making false statements, receiving stolen property, making false claims, or obstruction of justice; or
>     (C) Violation of Federal, State and/or local consumer protection laws or other laws relating to alcohol, tobacco, firearms, controlled substances, and/or gaming licenses...

## APPELLANT'S CONTENTIONS

Appellant, through counsel, submitted the following summarized contentions:

- The conviction referenced in the determination letter is being appealed and, as such, is not final.
- Appellant is located in a low-income area of St. Louis, Missouri, and provides critical service to the community. Removal of Appellant's SNAP authorization would create hardship for the community.

These explanations may represent only a brief summary of Appellant's contentions. However, in reaching a decision, full consideration has been given to all contentions presented and evidence submitted.

## ANALYSIS AND FINDINGS

It is important to clarify for the record that the purpose of this review is to validate or invalidate the initial determination of the Retailer Operations Division. As such, it is limited to consideration of the relevant facts and circumstances at the time of the decision. The

3

authorization of a store to participate in the SNAP must be in accord with the Act and the Regulations, as amended; those requirements of law cannot be waived.

The primary issue under consideration is whether or not the Appellant has the necessary business integrity and reputation, in accordance with regulation, to further the purposes of the Supplemental Nutrition Assistance Program. The USDA holds that the business integrity of a firm is critically important to the effective operation of SNAP. Therefore, the criteria outlined in the regulations focus on the business integrity and reputation of the owners, officers, and managers of firms seeking SNAP authorization. Criminal convictions relating to business integrity reflect on the ability of a firm to effectuate the purposes of SNAP and abide by the rules governing the program.

A review of Appellant owner's criminal record from the United States District Court, Eastern District of Missouri, Case: 4:17-CR-00234-RLW, clearly shows that Mohammed Almuttan, the owner of 6 Stars Market, pleaded guilty to one count of conspiracy to traffic in contraband cigarettes (18:371.F). The record further shows that on October 3, 2022, Mr. Almuttan was sentenced to 48 months in Federal prison, two years of supervised release, and ordered to pay Criminal Monetary Penalties in the amount of a $50,000.00 fine and a $100.00 assessment.

The SNAP regulations enunciated at 7 CFR § 278.1(b)(3) provide for the permanent denial/withdrawal of an applicant firm to participate as a SNAP retailer based on a number of reasons and for various timeframes. The statute and regulations specifically address the factors which constitute a lack of business integrity. The regulations at 7 CFR § 278.1(b)(3)(i)(C) state: "FNS shall deny the authorization of any firm from participation in the program for a period of time specified in paragraph (k) of this section based on consideration of information regarding the business integrity and reputation of the firm as follows: (i) Conviction of or civil judgment against the owners, officers or managers of the firm for: . . .(C) Violation of Federal, State, and/or local consumer protection laws or other laws relating to alcohol, tobacco, firearms, controlled substances and/or gaming licenses."

Regulations at 7 CFR § 278.1(k)(3)(i) state that firms lacking appropriate business integrity and reputation as described in the above paragraph shall have their SNAP authorization denied permanently. In addition, 7 CFR § 278.1(l)(1)(iv) states that FNS shall withdraw the authorization of any authorized firm if the "firm fails to maintain the necessary business integrity to further the purposes of the program, as specified in paragraph (b)(3) of this section. Such firms shall be withdrawn for a lack of business integrity for periods of time in accordance with those stipulated in paragraph (k)(3) of this section for specific business integrity findings." Because the conviction in this case fits within the parameters of § 278.1(b)(3)(i), it is the finding of this review that permanent withdrawal is appropriate and was applied in accordance with regulation at § 278.1(k)(3)(i) and § 278.1(l). The sentence pending appeal outcome does not hinder the imposition of a permanent SNAP withdrawal.

Appellant argues that a permanent SNAP withdrawal would impose a hardship on area participating SNAP households. Such contentions cannot constitute grounds for reversing the withdrawal decision in the present case. There are no provisions in the Food and Nutrition Act, SNAP regulations, or agency policy allowing hardship to retail store owners or SNAP customers

4

as considerations in determining eligibility for participation in the SNAP when the firm does not meet the business integrity provisions of the SNAP.

## CONCLUSION

Based on the information provided on the court record assessed by the Retailer Operations Division, it is determined that in accordance with SNAP regulations specified in 7 CFR § 278.1(b)(3)(i), the firm has failed to maintain the necessary business integrity to further the purposes of the program and is therefore withdrawn from participation in the SNAP. The withdrawal action shall be permanent in accordance with 7 CFR 278.1(l)(1)(iv) and § 278.1(k)(3)(i) of the SNAP regulations. Accordingly, and based on the analysis above, the decision by the Retailer Operations Division to permanently withdraw the authorization of 6 Stars Market, under the ownership of Mohammed A. Almuttan, from participation as a retailer in SNAP is sustained.

In accordance with the Food and Nutrition Act of 2008, as amended, and SNAP regulations, the permanent withdrawal of SNAP retailer authorization shall become effective 30 days after delivery of this decision.

## RIGHTS AND REMEDIES

Applicable rights to a judicial review of this decision are set forth in 7 U.S.C. § 2023 and 7 CFR § 279.7. If Appellant desires a judicial review, the complaint must be filed in the U.S. District Court for the district in which Appellant's owner resides, is engaged in business, or in any court of record of the State having competent jurisdiction. This complaint, naming the United States as the defendant, must be filed within thirty (30) days of delivery of this decision. The judicial filing deadline is stipulated by statute; FNS has no authority to grant an extension.

Under the Freedom of Information Act, we are releasing this information in a redacted format as appropriate. FNS will protect, to the extent provided by law, personal information that could constitute an unwarranted invasion of privacy.

AMIE CHURCHILL                                              March 28, 2024
Administrative Review Officer