# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| 6 STARS MARKET and<br>MOHAMMED ALMUTTAN,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br>Through its agency, THE UNITED STATES<br>DEPARTMENT OF AGRICULTURE,<br><br>    Defendant. | No. 4:24-cv-00597-PLC |

## ANSWER OF THE UNITED STATES OF AMERICA TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant, the United States of America, through its agency, the United States Department of Agriculture, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Abbey A. Fritz, Assistant United States Attorney for said District, and for its Answer to Plaintiff's Complaint states as follows:

1. Paragraph 1 of Plaintiff's Complaint contains legal conclusions to which no answer is required. To the extent a response is deemed necessary, Defendant admits 6 Stars Market is located in the City of St. Louis on Riverview Boulevard. The United States lacks sufficient facts to admit or deny the remaining allegations contained in Paragraph 1 and therefore denies same.

2. Defendant admits the allegations contained in Paragraph 2.

3. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 3 and therefore denies the same.

4. Defendant admits the allegations contained in Paragraph 4.

5. Defendant admits the allegations contained in Paragraph 5.

6. Defendant admits the USDA is an executive department of the federal government.

7. Defendant admits the allegations contained in Paragraph 7.

8. Defendant admits only that Thomas J. Vilsack is the Secretary of Agriculture.

9. Defendant admits the allegations contained in Paragraph 9.

## JURISDICTION AND VENUE

10. Paragraph 10 of Plaintiff's Complaint contains legal conclusions to which no answer is required. To the extent a response is deemed necessary, Defendant admits only for the purposes of Paragraph 10 that this Court has jurisdiction to hear this matter.

11. Defendant admits the allegations contained in Paragraph 11.

12. Defendant admits the allegations contained in Paragraph 12.

13. For purposes of Paragraph 13, Defendants admits that venue is proper.

## RELEVANT FACTS

*Background*

14. Defendant denies the allegations contained in Paragraph 14.

15. Defendant admits Plaintiff was previously assigned FNS Number 0158082.

16. Defendant admits 6 Stars Market is located in the City of St. Louis. Defendant lacks sufficient facts to admit or deny the remaining allegations contained in Paragraph 16 and therefore denies same.

17. Defendant lacks sufficient facts to admit or deny the allegations contained in Paragraph 17 and therefore denies same.

18. Defendant admits the allegations contained in Paragraph 18.

19. Defendant admits the allegations contained in Paragraph 19.

20. Defendant admits that it received a formal request in a letter dated December 6, 2022.

21. Defendant admits that the issues listed in Paragraph 21 were identified in the December 6, 2022, letter. Except otherwise admitted herein, Defendant lacks sufficient facts to admit or deny the remaining allegations contained in Paragraph 24 and therefore denies same.

22. Defendant admits the allegations contained in Paragraph 22.

23. Defendant admits the allegations contained in Paragraph 23.

### *The Final Agency Decision*

24. Defendant admits the Final Agency Decision, attached as Exhibit 1 to the Complaint, was dated March 28, 2023. Defendant further admits a copy of the Final Agency Decision was provided to a representative of 6 Stars Market. Defendant further admits this copy was sent on or about March 28, 2023. Except otherwise admitted herein, Defendant lacks sufficient facts to admit or deny the remaining allegations contained in Paragraph 24 and therefore denies same.

25. Defendant admits the allegations contained in Paragraph 25.

26. Defendant admits the allegations contained in Paragraph 26.

27. Defendant admits only that, subsequent to the Final Agency Decision dated March 28, 2023, Mr. Almuttan's sentence was amended. Except as expressly admitted herein, any and all remaining allegations are denied.

28. Defendant denies the allegation as phrased. As referenced in Paragraph 39 of the Complaint, the Final Agency Decision acknowledges Mr. Almuttan had an appeal of his sentence pending as of March 28, 2023. *See* Exhibit 1 to Plaintiff's Complaint at p. 4. Except as expressly admitted herein, any and all remaining allegations are denied.

29. Defendant denies the allegations contained in Paragraph 29.

30. Defendant admits the language of the Final Agency Decision speaks for itself.

31. Defendant admits the language of the Final Agency Decision speaks for itself.

32. Defendant admits the language of the Final Agency Decision speaks for itself.

33. Defendant admits the language of the Final Agency Decision speaks for itself.

34. Defendant admits the language of the Final Agency Decision speaks for itself.

35. Defendant admits the language of the Final Agency Decision speaks for itself.

36. Defendant admits the language of the Final Agency Decision speaks for itself.

37. Defendant admits the language of the Final Agency Decision speaks for itself.

38. Defendant denies the allegations contained in Paragraph 38.

39. Defendant admits the language of the Final Agency Decision speaks for itself.

40. Defendant admits the language of the Final Agency Decision speaks for itself.

41. Defendant admits the language of the Final Agency Decision speaks for itself.

42. Defendant admits the allegations contained in Paragraph 42.

### *The FAD Misinterprets 7 C.F.R. § 278.1(b)(3)(i)(C)*

43. Defendant denies the allegations contained in Paragraph 43.

44. Defendant denies the allegations contained in Paragraph 44.

45. Defendant admits the language of the Final Agency Decision speaks for itself.

46. Paragraph 46 contains legal conclusions in that it recites the language of a statute and regulations to which no answer is required.

47. Paragraph 47 of Plaintiff's Complaint contains legal conclusions to which no answer is required. To the extent a response is deemed necessary, Defendant denies Plaintiff's narrow interpretation of the applicable regulatory language.

48. Paragraph 48 of Plaintiff's Complaint contains legal conclusions to which no answer is required. To the extent a response is deemed necessary, Defendant denies Plaintiff's narrow interpretation of the applicable regulatory language.

49. Defendant denies the allegations contained in Paragraph 49.

50. Defendant denies the allegations contained in Paragraph 50.

51. Defendant denies the allegations contained in Paragraph 51.

52. Defendant denies the allegations contained in Paragraph 52.

53. Defendant denies the allegations contained in Paragraph 53.

54. Defendant denies the allegations contained in Paragraph 54.

55. Defendant denies the allegations contained in Paragraph 55.

56. Paragraph 56 contains legal conclusions in that it recites the language of an unpublished opinion, including citations to a regulation, to which no answer is required.

57. Paragraph 57 contains legal conclusions in that it recites the language of an unpublished opinion to which no answer is required.

58. Defendant lacks sufficient knowledge and information to admit or deny the allegations contained in this Paragraph and therefore deny the same.

59. Defendant denies the allegations contained in Paragraph 59.

60. Defendant denies the allegations contained in Paragraph 60. Specifically, Defendant denies Plaintiff's misrepresentation that Mr. Almuttan is appealing his *conviction*.

61. Defendant lacks sufficient knowledge or information to admit or deny the allegation contained in Paragraph 61 and, therefore, denies the same.

62. Defendant lacks sufficient knowledge or information to admit or deny the allegation contained in Paragraph 62 and, therefore, denies the same.

63. Defendant denies the allegations contained in Paragraph 63.

64. Defendant denies the allegations contained in Paragraph 64.

## **COUNT I – JUDICIAL REVIEW OF FINAL AGENCY DECISION**

65. Defendant reincorporates its answers to the aforementioned paragraphs as if fully set forth herein.

66. Defendant denies the allegations contained in this paragraph.

67. Defendant denies the allegations contained in this paragraph.

68. Defendant denies the allegations contained in this paragraph.

69. Defendant denies the allegations contained in this paragraph.

70. Defendant denies the allegations contained in this paragraph.

71. Defendant denies the allegations contained in this paragraph.

72. Defendant denies the allegations contained in this paragraph.

73. Defendant denies the allegations contained in this paragraph.

74. Defendant denies the allegations contained in this paragraph.

75. Defendant denies the allegations contained in this paragraph.

76. Defendant denies the allegations contained in this paragraph.

77. Defendant denies the allegations contained in this paragraph.

78. Defendant denies the allegations contained in this paragraph.

79. Defendant denies the allegations contained in this paragraph.

80. Defendant denies the allegations contained in this paragraph.

81. Defendant denies the allegations contained in this paragraph.

82. Defendant denies the allegations contained in this paragraph.

83. Defendant denies the allegations contained in this paragraph.

## PRAYER FOR RELIEF

The remainder of Count I contains a request for relief, to which no answer is required. To the extent an answer is required, the United States denies Plaintiff is entitled to any of the requested relief.

## COUNT II – INJUNCTIVE RELIEF

84. Defendant reincorporates its answers to the aforementioned paragraphs as if fully set forth herein.

85. Defendant admits the allegations contained in this paragraph.

86. Defendant denies the allegations contained in this paragraph.

87. Defendant denies Plaintiff is likely to prevail on the merits. Defendant lacks sufficient knowledge and information to admit or deny the remaining allegations contained in this paragraph and, therefore, deny the same.

88. Defendant denies Plaintiff is likely to prevail on the merits. Defendant lacks sufficient knowledge and information to admit or deny the remaining allegations contained in this paragraph and, therefore, deny the same.

## PRAYER FOR RELIEF

The remainder of Count II contains a request for relief, to which no answer is required. To the extent an answer is required, the United States denies Plaintiff is entitled to any of the requested relief.

## AFFIRMATIVE DEFENSES

Defendant the United States hereby expressly reserves the right to amend this Answer to bring additional defenses over the course of this action, as the facts and evidence may warrant.

WHEREFORE, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint, that judgment be entered against Plaintiff and in favor of Defendant, that Defendant be awarded costs, and for any other relief the Court deems proper.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

By: /s/ Abbey A. Fritz
Abbey A. Fritz   #68510MO
Assistant United States Attorney
Thomas F. Eagleton U.S. Courthouse
111 South Tenth Street, 20th Floor
St. Louis, Missouri 63102
(314) 539-6856
(314) 539-2287 (Fax)
Email: abbey.fritz@usdoj.gov

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been electronically filed with the Clerk of the Court using the Court's CM/ECF electronic filing system on June 28, 2024 and will be served via electronic notice upon the following:

Justin K. Gelfand and Ian T. Murphy
Margulis Gelfand, L.L.C.
7700 Bonhomme Ave., Ste. 750
St. Louis, MO 63105

*Attorneys for Plaintiffs*

/s/ Abbey A. Fritz
Abbey A. Fritz
Assistant United States Attorney